Hyman, C. J.
Plaintiff, intending to leave New Orleans on a visit to Washington City, left his horses, about ten in number, at the stable of A. W. Beatty, and authorized him as well as a Mr. Ainsley to sell them.
Learning plaintiff’s absence from New Orleans, Edward Harrison sold one of the horses to the defendant, and plaintiff has brought suit against *518 defendant to recover the horse sold by Harrison, or its value, alleged and proved to be worth $300, and damages for its abuse and detention by defendant.
Plaintiff had the horse sequestered, and defendant bonded him.
Defendant, in answer, claimed to have bought the horse, not from its owner but from Harrison, who represented the owner.
No authority was given by plaintiff to Harrison to sell the horse, and defendant’s position is, that as he is an innocent purchaser, and as the conduct of plaintiff caused him to believe that Harrison had a right to dispose of the horse, plaintiff must bear the loss.
If plaintiff’s conduct was such, he has no right to recover; but the evidence does not disclose such conduct on the part of the plaintiff.
It appears that plaintiff had employed Harrison, as a groom for his horses. When he left for Washington he did not intrust them to the groom, but placed them in charge of Beatty and Ainsley, experienced and responsible men, established in business. Ainsley retained Harrison in Beatty’s stable, to clean, feed, and exercise the horses, and to keep the stable clean. No imprudence or want of circumspection can be imputed to plaintiff, whereby defendant could have been induced to believe that he had placed the right in Harrison to dispose of his horse; nor do we perceive, in the evidence, such imprudence in his agents as would justify’ defendant in supposing that Harrison was invested with any control over the horses but that of a groom.
The defendant visited the stable of Beatty while the horses were there, and before he purchased from Harrison, for the purpose of buying á horse, yet he neither informed Beatty, the owner of the stable, nor Ainsley, that he intended to buy a horse from the groom, though he certainly must have known that it was not the business of the groom to sell the horses in the stable.
We think that defendant was not sufficiently circumspect in buying the horse.
The evidence adduced is not satisfactory as to the amount of damages sustained by plaintiff.
It is suggested that the Court has not appellate jurisdiction of this case. The amount in dispute certainly exceeds three hundred dollars, and when so, the Court has jurisdiction. See Constitution of 1864, Art. 70.
The judgment of the District Court was in favor of defendant; it must be reversed.
It is decreed that the judgment of the District Court be reversed; and it is further decreed, that plaintiff be recognized owner of the horse in controversy, and that defendant deliver the horse to plaintiff, or pay plaintiff three hundred dollars, the value thereof, reserving to plaintiff the right to claim damages by another suit; it is further decreed, that the defendant pay the costs of this suit.